BUCHALTER NEMER
A Professional Corporation
BARBARA E. LICHMAN, Ph.D. (SBN: 138469)
JOSEPH M. WELCH (SBN: 259308)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: blichman@buchalter.com
       jwelch@buchalter.com

Attorneys for Defendants
COMAV TECHNICAL SERVICES, LLC and
COMAV, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA LOGISTICS AIRPORT AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>COMAV TECHNICAL SERVICES, LLC; SOUTHERN CALIFORNIA AVIATION, LLC; COMAV, LLC; and Does 1-50,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1446; 42 U.S.C. § 1983; AND 49 U.S.C. §§ 40103(a), 47107, 47133** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant ComAv Tecnhical Services, LLC ("CTS"), by and through its counsel, hereby removes Case No.: UDBS1601570 before the Superior Court of the State of California in and for the County of San Bernardino to the United States District Court for the Central District of California. Removal is pursuant to 28 U.S.C. Sections 1331, 1367(a), 1441(a) and 1446, 42 U.S.C. Section 1983, and 49 U.S.C. Sections 40103(a), 47107, 47133 and is based

upon federal question jurisdiction, supplemental jurisdiction, and federal preemption.

As grounds for removal, CTS states as follows:

## BACKGROUND

1. On July 1, 2016, Plaintiff Southern California Logistics Airport Authority ("SCLAA") filed the instant action in the Superior Court of the State of California in and for the County of San Bernardino ("State Court Action"), entitled *Southern California Logistics Airport Authority v. ComAv Technical Services, LLC, et al.*, as Case No.: UDBS1601570 ("Complaint").  A true and correct copy of the Complaint is attached hereto and marked as **Exhibit A**.

2. Four days earlier, on June 27, 2016, SCLAA represented to the Ninth Circuit Court of Appeals in response to CTS' emergency motion for an injunction pending appeal ("Response") that there was no emergency related to CTS' possession of the airport hangar—now subject to the Complaint.  In addition, SCLAA argued that the Ninth Circuit had no jurisdiction to decide disputes between the parties until after they first exhaust administrative remedies with the Federal Aviation Administration ("FAA") and Government Claims Act (Ca. Gov't Code §§ 810-996.6).  A true and correct copy of the Response is attached hereto and marked as **Exhibit B**.

3. In SCLAA's own words:

   a. "…the FAA has primary jurisdiction over this dispute."  Response, p.1

   b. "***The FAA has primary jurisdiction in this matter, and has not yet rendered a decision on the merits***."  Response, p.5 (emphasis in original).

   c. "[CTS'] legal maneuvers [seeking relief from a federal district court and Ninth Circuit] are an attempt to circumvent FAA procedures in

disputes between an airport and one of its tenants or potential tenants." Response, p.6.

      d.   "[CTS] has failed to exhaust its administrative remedies with the FAA, as well as under the Government Claims Act." Response, p.6.

      e.   "The District Court has filings consisting of 600 pages of documentation put forth by the parties, <u>and did not weigh the merits of the case in its decision to deny the TRO</u>." Response, p.8 (emphasis added).

      f.   "The District Court did not deny the [CTS'] ability to seek a preliminary injunction rather it denied the TRO. But for [CTS'] Emergency Motion to [the Ninth Circuit], the District Court would have set a briefing schedule to determine if a preliminary injunction would be appropriate. [CTS'] actions cut off the District Court's ability to decide the order to show cause for a preliminary injunction. The District Court did not refuse or prevent [CTS] the opportunity to seek injunctive relief therefore this Court's jurisdiction has not been triggered pursuant to 28 U.S.C. 1292(a)(1)." Response, p. 5.

4.   On June 30, 2016, the Ninth Circuit entered an order denying emergency relief ("Order") while specifically inviting CTS to file a supplemental pleading addressing the Ninth Circuit's jurisdiction on or before July 21, 2016. A true and correct copy of the Order is attached hereto and marked as **Exhibit C**.

5.   CTS will file an amended complaint in federal district court addressing recent developments and their rights to continued possession under federal law, including claims for declaratory and injunctive relief.[1] CTS' original and amended complaints (collectively, "District Court Complaint"), together with all exhibits and related pleadings, are on file with the United States District Court for the Central District of California (Case No. 5:16-cv-01267-PSG-PLA).

---

[1] CTS' initial complaint in federal district court was filed on June 14, 2016 following numerous attempts to engage SCLAA in federally-required negotiations.

3
NOTICE OF REMOVAL
BN 21111938v1
Case No. _____
BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

# FEDERAL JURISDICTION

6. The Complaint seeks to remove CTS from an airport hangar in violation of federal law and despite repeated representations by SCLAA to federal courts that all administrative remedies—including those involving the FAA with *"primary jurisdiction"*—must be exhausted first. As a result, federal question jurisdiction exists under 28 U.S.C. § 1331 where the underlying dispute arises under "the Constitution, laws, or treaties of the United States." *See, e.g.*, 49 U.S.C. 40103(a) [establishing conclusively that" The United States Government has exclusive sovereignty of airspace of the United States"]; 47107 [establishing the obligations of airports under Federal Grant Assurances in return for the award of funds from the Federal Government]; 47133 [prohibiting the establishment of an "exclusive right" by any aeronautical service provider]. To the extent necessary, supplemental jurisdiction also exists over the Complaint under 28 U.S.C. § 1367(a).

7. In addition, the Complaint is preempted by federal law. "The Supremacy Clause of Article VI of the United States Constitution grants Congress the power to preempt state or local law." *Olympic Pipeline Co. v. City of Seattle*, 437 F.3d 872, 877 (9th Cir. 2006). The Supreme Court has defined at least three types of preemption:

> [First,] [t]here is no doubt that Congress may withdraw specified powers from the States by enacting a statute containing an express preemption provision… [Second,] the States are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance… [Third,] state laws are preempted when they conflict with federal law.

*See Arizona v. United States*, 132 S. Ct. 2492, 2500-02 (2012).[2] In the context of aviation law, FAA is the arm of the federal government with exclusive charge to

---

[2] "Federalism, central to the constitutional design, adopts the principle that both the National and State Governments have elements of sovereignty the other is bound to respect. [Citations]. From the existence of two sovereigns follows the possibility that laws can be in conflict or at cross-purposes. The Supremacy Clause provides a clear rule that federal law 'shall be the supreme Law of the Land[.]" *Arizona v.*

develop and maintain a regulatory system, including grants to public use airports. This includes "grant assurances" aimed at ensuring that such grantee airports will comply with the various regulations governing airport design, development and operations. As set forth in the District Court Complaint, SCLAA has, without explanation, refused to negotiate with CTS for a "reasonable" (FAA Order 5190.6B, § 14.3), and "equitable" (FAA Order 5190.6B, § 9.5.d.) lease rate as required by federal law and regulations.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. Attached hereto as **Exhibit D** is a copy of the "Notice of Filing of Notice of Removal" ("Removal Notice"), which CTS will promptly serve upon SCLAA and will promptly file with the Clerk of the San Bernardino County Superior Court. 28 U.S.C. §§ 1446(a), (d).

9. CTS is removing the Complaint to "the district court of the United States for the district and division within which [the State Court Action] is pending." Moreover, CTS' removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, contains a short and plain statement of the grounds for removal, and attaches as **Exhibit A** a copy of all process and pleadings filed to date in the State Court Action. 28 U.S.C. § 1446(a).

10. CTS' removal is timely in that CTS received a copy of the Complaint on July 6, 2016 (without conceding that service was proper or waiving any claim or defense based on improper service or the absence of service and specifically reserving CTS' right to contest, by motion to quash or otherwise, service of summons). The Removal Notice is timely filed within 3 days of CTS' receipt of the Complaint. 28 U.S.C. § 1441(b)(1).

11. In the event SCLAA seeks to remand this case, or this Court considers remand *sua sponte*, CTS respectfully requests the opportunity to submit such

*United States*, 132 S. Ct. 2492, 2500 (2012) [internal quotations omitted].

additional argument or evidence in support of removal as may be required to inform the Court.

## THE REMAINING DEFENDANTS CONSENT AND/OR JOIN IN THE REMOVAL

12. Co-Defendant ComAv, LLC (together with CTS, "Defendants")[3] consents to CTS' removal of the this action to federal court and, to the extent it does not waive its right to separately remove if need be, joins in the removal.

WHEREFORE, CTS prays that the above-entitled action now pending in the Superior Court of the State of California in and for the County of San Bernardino, be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1446, 42 U.S.C. § 1983, and 49 U.S.C. §§ 40103(a), 47107, 47133.

DATED: July 8, 2016

BUCHALTER NEMER
A Professional Corporation


By: /s/ *Joseph M. Welch*
JOSEPH M. WELCH
Attorneys for Defendants

---

[3] Southern California Aviation, LLC, which was also named in the Complaint as a defendant, assigned all of its interests in the subject sublease to CTS.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

6

NOTICE OF REMOVAL
BN 21111938v1

Case No. _____