UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-1495 PSG (PLAx) | Date | July 27, 2016 |
|---|---|---|---|
| Title | Southern California Logistics Airport Authority v. ComAv Technical Services, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order REMANDING Case to State Court

On July 8, 2016 Defendant ComAv Technical Services, LLC ("Defendant") removed a civil action for unlawful detainer brought by Plaintiff Southern California Logistics Airport Authority ("Plaintiff") to this Court. Dkt. #1. After reviewing Defendant's Notice of Removal ("NOR") and the underlying Complaint, the Court finds that it lacks jurisdiction over the case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Pro. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.* Furthermore, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983)).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the Complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

Defendant's NOR suggests that federal question jurisdiction is established based upon 49

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1495 PSG (PLAx) | Date | July 27, 2016 |
| Title | Southern California Logistics Airport Authority v. ComAv Technical Services, LLC | | |

U.S.C. §§ 40103(a) (establishing that the United States Government has exclusive sovereignty of airspace of the United States), 47107 (establishing the obligations of airports under Federal Grant Assurances in return for an award of funds from the Federal Government), and 47133 (prohibiting the establishment of an "exclusive right" by any aeronautical service provider). *NOR* 4. The case must be remanded, however, because a defendant's federal claims or defenses may not serve as a basis for removal under the well-pleaded complaint rule. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

      Accordingly, the Court finds on its own motion that it lacks subject matter jurisdiction over this matter and REMANDS the case to state court.[1] Plaintiff's *ex parte* applications to remand the case (Dkts. # 8, 15) are therefore RENDERED MOOT.

      **IT IS SO ORDERED.**

---

[1] Based on the citizenship of the parties, the Court does not see a basis for diversity jurisdiction, nor does Defendant's NOR assert that diversity jurisdiction exists.